ROLAND M. JUAREZ (SBN 160793)
JOANNA H. KIM (SBN 183799)
MICHAEL S. GUNTERSDORFER (SBN 232307)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:       310-229-1000
Facsimile:       310-229-1001
E-mail:          rjuarez@akingump.com
                 jkim@akingump.com
                 mguntersdorfer@akingump.com

Attorneys for Plaintiff
ROBERT HALF INTERNATIONAL INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ROBERT HALF INTERNATIONAL INC., a Delaware corporation, | Case No. 1:07-CV-00799-LJO-SMS |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | Date: |
| TRACI MURRAY, an individual; and DOES 1 through 10, inclusive, | Time: |
| | Dept.: |
| Defendants. | Judge:    Lawrence J. O'Neill |

6133302

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1.    <u>Purposes and Limitations.</u>

Disclosure and discovery activity in this action is likely to involve production of confidential or proprietary information for which special protection against public disclosure and use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, Plaintiff, Robert Half International Inc. ("Plaintiff") and Defendant, Traci Murray ("Defendant"), by and through their counsel of record, hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order ("Protective Order").  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection the Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Protective Order creates no entitlement to file confidential information under seal; Eastern District Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    **Definitions.**

2.1    <u>Party</u>:  any party to this action.  In the case of a party who is not a natural person, the term "Party" shall include all of the organization's officers, directors, and employees.

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things which the designating Party in good faith believes contains confidential or sensitive proprietary, business, commercial or personal information.  Information available to the public through lawful means, including catalogs, advertising materials and the like shall not be designated as "Confidential Information or Items."

6133302

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Case No. 1:07-CV-00799-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a risk of injury that could not be avoided by less restrictive means.

2.5     Designating Party:  a Party or non-party that designates its Disclosures or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.6     Receiving Party:  a Party or non-party that receives Disclosure or Discovery Material from a Designating Party.

2.7     Protected Material:  any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.8     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     In-House Counsel:  attorneys who are employees of a Party.

2.10    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current owner, officer, director, or employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  If the expert is in the staffing service industry, before disseminating and copying any "Highly Confidential – Attorneys' Eyes Only" information, the Party seeking to make such disclosure shall give five (5) business days written notice to the other counsel of record of such intent to disclose, and provide a copy of a CV or resume of such expert to whom the proposed disclosure is intended to be made.   If such other counsel of record objects to the disclosure of "Highly Confidential – Attorneys' Eyes Only" to the expert within five (5) business days of receiving notice, then the disclosure shall not be made pending the prompt resolution of whether such disclosure can be made by the Magistrate Judge.

PDF created with pdfFactory trial version www.pdffactory.com

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    <u>Scope</u>.**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that would reveal Protected Material.

**4.    <u>Duration</u>.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.

**5.    <u>Designating Protected Material</u>.**

5.1    <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>.  Each Party or non-party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate confidentiality standard.  A Designating Party must take care to designate for protection only those parts of Disclosure or Discovery Material that warrant protection under this Protective Order, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that that party designated for protection under the Protective Order does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it/he/she is withdrawing the improper designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (*see e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must

PDF created with pdfFactory trial version www.pdffactory.com

1   be clearly so designated before such material is disclosed or produced.  Designation in conformity with

2   this Protective Order requires:

3            5.2(a)  <u>For Disclosure or Discovery Material in documentary form</u> (apart from

4   transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the

5   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6   prominently on each page that contains Protected Material.

7            5.2(b)  <u>For Disclosure or Discovery Material in the form of testimony given in</u>

8   <u>deposition or in other pretrial or trial proceedings</u>, that the witness offering the testimony identify on

9   the record, before the close of the deposition, hearing, or other proceeding, protected testimony, and

10  further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential –

11  Attorneys' Eyes Only."  Arrangements shall be made with the court reporter taking and transcribing

12  information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to label

13  such portions accordingly.  Electronic versions of the deposition transcripts and videotaped versions of

14  any depositions shall be used only by Counsel in this Action.  The parties agree that such electronic

15  versions need not be segregated by information that is protected under this Protective Order from

16  information which is not protected.

17          Any Party may also designate testimony that is entitled to protection by notifying all Parties in

18  writing within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript

19  which should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter.

20  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each

21  copy thereof in its possession, custody or control.  Unless otherwise indicated, all deposition

22  transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of ten (10)

23  days after the receipt of the transcript.  However, if any depositions are taken within 45 days of trial,

24  the Parties shall cooperate to accelerate the review process to finalize the designation of the transcript.

25  Moreover, this preliminary treatment shall not limit a deponent's right to review the deposition

26  transcript under Federal Rule of Civil Procedure 30(e).

27          Transcript pages containing Protected Material must be separately bound by the court reporter,

28  who must prominently affix on each such page the legend "Confidential" or "Highly Confidential –

6133302                                          4

PDF created with pdfFactory trial version www.pdffactory.com

Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

        5.2(c)  <u>For Disclosure or Discovery Material produced other than in documentary or testimony form, and for any other tangible items</u>, that the Designating Party affix in a prominent place on the exterior of the container in which or disk (or similar device) on which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

        5.3  <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If any Disclosure or Discovery Material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

        5.4  <u>Nonparty Designations During Deposition</u>.  During the deposition of any nonparty, the nonparty may designate any Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" so long as it/she/he is designating in good faith.  Further, any nonparty seeking to invoke any protection accorded by the Protective Order must either provide a copy of the "Agreement to Be Bound by Protective Order" (attached as Exhibit A) executed by the nonparty to all counsel of record for the Parties or so agree on the record during the deposition.

**6.**    <u>**Challenging Confidentiality Designations.**</u>

        6.1  <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its/her/his right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must first confer in good faith with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its/her/his belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it/she/he has first engaged in this conference.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation may file and serve a motion under the applicable Federal and Local Rules (and in compliance with Eastern District Local Rule 39-141, if applicable) that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the pre-filing conference requirements imposed in the preceding paragraph, consistent with the Federal Rules of Civil Procedure and Eastern District Local Rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules otherwise, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection designated by the Designating Party.

**7.     Access To And Use Of Protected Material.**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following:

PDF created with pdfFactory trial version www.pdffactory.com

7.2(a)   the Receiving Party, including its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2(b)   Outside Counsel in this litigation, as well as its employees to whom it is reasonably necessary to disclose the information for this litigation;

7.2(c)   Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2(d)   the Court and its personnel;

7.2(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

7.2(g)   the author of or recipient of the Protected Material;

7.2(h)   arbitrators, mediators or other settlement officers stipulated to by the parties or appointed by the Court.

7.3   <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to the following:

7.3(a)   Outside Counsel of record in this action, as well as its employees to whom it is reasonably necessary to disclose the information for this litigation;

7.3(b)   In-House Counsel to whom disclosure is reasonably necessary for this litigation;

7
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

7.3(c)  Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B), and (3) subject to the provisions set forth in paragraph 2.11;

7.3(d)  the Court and its personnel;

7.3(e)  Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.3(f)  the author or recipient of the document or the original source of the information; and

7.3(g)  the author or recipient of the Protected Material or the original source of the information.

**8.    Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order.  Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the Protective Material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its/her/his confidentiality interests in the forum where the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that forum of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

PDF created with pdfFactory trial version www.pdffactory.com

9.     **Unauthorized Disclosure Of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it/he/she has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the details of the unauthorized disclosures, (b) use its/her/his best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A or B).

10.    **Filing Protected Material.**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 39-141.

11.    **Final Disposition.**

Unless otherwise ordered or agreed in writing by the Designating Party, after the final termination of this litigation, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material to the Receiving Party, within ten (10) business days of such request, the Receiving Party must submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel may retain an archival set of copies of Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

PDF created with pdfFactory trial version www.pdffactory.com

12. **Miscellaneous**.

    12.1  <u>Right to Further Relief</u>.

    Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2  <u>Right to Assert Other Objections.</u>

    By stipulating to the entry of this Protective Order, no Party waives any right it/she/he otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 18, 2007        AKIN GUMP STRAUSS HAUER & FELD LLP

        By:      /s/ Joanna H. Kim
        Joanna H. Kim
        Attorneys for Plaintiff
        ROBERT HALF INTERNATIONAL INC.

Dated: September 18, 2007        HINSHAW & CULBERTSON LLP

        By:      /s/ Filomena E. Meyer
        Filomena E. Meyer
        Attorneys for Defendant
        TRACI MURRAY

IT IS SO ORDERED:

Dated: **September 18, 2007**        **/s/ Sandra M. Snyder**
        Sandra M. Snyder
        United States Magistrate Judge

PDF created with pdfFactory trial version www.pdffactory.com

1

<u>EXHIBIT A</u>

2

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

3

<u>CONFIDENTIAL INFORMATION AND ITEMS</u>

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare under penalty

6

of perjury that I have read in its entirety and understand the Stipulation and Protective Order

7

("Protective Order") that was issued by the United States District Court for the Central District of

8

California in the case entitled, *Robert Half International, Inc. v. Murray,* United States District Court

9

for the Eastern District of California, Case No. CV-07-00799-LJO-SMS).  I agree to comply with and

10

to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to

11

so comply may expose me to sanctions and punishment in the nature of contempt.  Under the

12

Protective Order, I am qualified to receive "Confidential Information or Items."   I agree that I will not

13

disclose in any manner any information or item that is subject to this Protective Order to any person or

14

entity except in compliance with the Protective Order.

15

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

16

District of California for the purpose of enforcing the terms of this Protective Order, even if such

17

enforcement proceedings occur after termination of this action.

18

I hereby appoint _____ [print or type full name] of

19

_____ [print or type full address and telephone number] as

20

my California agent for service of process in connection with this action or any proceedings related to

21

enforcement of this Protective Order.

22

I state under penalty of perjury that the foregoing is true and correct.

23

City and State where sworn and signed: _____

24

Print Name: _____

25

Signature: _____        Date: _____

26

27

28

6133302

<u>11</u>

Case No. 1:07-CV-00799-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

1

<u>EXHIBIT B</u>

2

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

3

<u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare under penalty

6

of perjury that I have read in its entirety and understand the Stipulation and Protective Order

7

("Protective Order") that was issued by the United States District Court for the Central District of

8

California in the case entitled, *Robert Half International, Inc. v. Murray,* United States District Court

9

for the Eastern District of California, Case No. CV-07-00799-LJO-SMS). I agree to comply with and

10

to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to

11

so comply may expose me to sanctions and punishment in the nature of contempt. Under the

12

Protective Order, I am qualified to receive "Highly Confidential - Attorneys' Eyes Only" Information

13

or Items. I agree that I will not disclose in any manner any information or item that is subject to this

14

Protective Order to any person or entity except in compliance with the Protective Order.

15

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

16

District of California for the purpose of enforcing the terms of this Protective Order, even if such

17

enforcement proceedings occur after termination of this action.

18

I hereby appoint _____ [print or type full name] of

19

_____ [print or type full address and telephone number] as

20

my California agent for service of process in connection with this action or any proceedings related to

21

enforcement of this Protective Order.

22

I state under penalty of perjury that the foregoing is true and correct.

23

City and State where sworn and signed: _____

24

Print Name: _____

25

Signature: _____      Date: _____

26

27

28

6133302

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Case No. 1:07-CV-00799-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com