1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ROBERT HALF INTERNATIONAL    ) 1:07-cv-00799-LJO-SMS
    INC.,                        )
10                  Plaintiff,   ) ORDER DENYING MOTION OF
                                 ) COUNTERCLAIMANTS FOR LEAVE TO
11       v.                      ) FILE FIRST AMENDED COUNTERCLAIM
                                 ) (DOC. 69)
12  TRACI MURRAY, et al.,        )
                                 )
13                  Defendants.  )
    _____)
14                               )
    TRACI MURRAY, et al.,        )
15                               )
              Counter-Claimants, )
16                               )
         v.                      )
17                               )
    ROBERT HALF INTERNATIONAL    )
18  INC.,                        )
              Counter-Defendant. )
19                               )
    _____)

20

21       Plaintiff is proceeding with a civil action in this Court.

22  The matter has been referred to the Magistrate Judge pursuant to

23  28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

24       The motion of Counterclaimants Traci Murray (Murray) and

25  Barrett Business Services, Inc. (BBS) for leave to file amended

26  counterclaims came on regularly for hearing on June 20, 2008, at

27  9:40 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder,

28  United States Magistrate Judge. Clint Robison appeared and

1

Filomena E. Meyer appeared telephonically on behalf of Defendants and Counterclaimants Murray and BBS; Joanna H. Kim and Roland Juarez appeared on behalf of Plaintiff and Counterdefendant Robert Half International, Inc. (RHI). After argument the matter was submitted to the Court.

I. Background

Defendants and Counterclaimants Murray and BBS filed a motion for leave to file a first amended counterclaim on May 23, 2008; Plaintiff and Counterdefendant Robert Half International, Inc. (RHI) filed opposition on June 6, 2008; and Counterclaimants filed a reply and supplemental declaration of Filomena E. Meyer on June 13, 2008.

The first amended complaint (FAC) filed February 15, 2008, concerns alleged misappropriation by Defendant Murray, a former employee of Plaintiff RHI, of confidential proprietary and business information concerning clients and candidates in the Micro J Plus database of RHI, an entity which in part specializes in the placement of administrative and office support professionals on a temporary and temp-to-hire basis; Defendant Murray allegedly misappropriated and exploited confidential information for the benefit of Defendant BBS, misappropriated RHI's protected trade and service marks while pretending to work for RHI but yet simultaneously working for competitor BBS, breached her contractual obligations to RHI, solicited RHI's clients after she left her employment with RHI, and with BBS interfered with RHI's business relationships with its clients and candidates. Plaintiff stated claims for violation of the Lanham Act, 15 U.S.C. § 1125(a), misappropriation of trade secrets in

violation of Cal. Civ. Code §§ 3426 et seq., violation of Cal. Bus. and Prof. Code § 17200 et seq., breach of contract, breach of implied covenant of good faith and fair dealing, interference with contract, and tortious interference with contractual relations and prospective economic advantage. Plaintiff seeks compensatory, consequential, punitive, and exemplary damages as well as preliminary and permanent injunctive relief.

Defendants and Counterclaimants Murray and BBS filed a counterclaim on February 5, 2008, in which they alleged claims against Counterdefendant RHI, including intentional interference with prospective economic relationships by contacts, interrogation, and harassment of BBS's customers by agents of RHI (RHI and employees thereof continued to contact and spread false information about Murray and BBS despite receipt by RHI of BBS's cease and desist letter); unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; and declaratory relief regarding the interpretation and scope of paragraphs 8 and 10 of Murray's employment agreement with RHI. Counterdefendant RHI answered the counterclaim on February 25, 2007.

Counterclaimants seek to modify and add claims, not to add parties. The proposed first amended counterclaim (FACC) would add two counterclaims on behalf of Counterclaimant Murray: 1) a claim for unfair competition in the form of restraint of trade under Cal. Bus. & Prof. Code § 16600, consisting of requiring Murray to sign an employment agreement which was overly broad, void, and unenforceable due to unenforceable restrictive covenants, and pursuing a custom and practice of enforcing such agreements; this claim is brought on behalf of Murray as well as other similarly

1  situated current, former, and future RHI employees, and Murray

2  claims that enforcement of § 16600 would confer a significant

3  benefit on the employees of RHI as well as the general public,

4  and warrants recovery of attorney's fees and costs pursuant to

5  Cal. Code of Civ. Proc. § 1021.5; and 2) a claim pursuant to

6  Labor Code § 2698 and 2699 (Labor Code Private Attorney General

7  Act of 2004) for civil penalties for unfair business practices,

8  consisting of requiring Murray to enter into an overly broad,

9  void, and unenforceable employment agreement, on behalf of Murray

10 as well as the state of California and all other current and

11 former employees of Counterdefendants; it is alleged that

12 Counterdefendants violated Cal. Labor Code §§ 432.5 (providing

13 that no employer or agent thereof shall require any employee to

14 agree in writing to any term or condition which is known by such

15 employer or agent to be prohibited by law), and Cal. Bus. & Prof.

16 Code § 16600.

17    The proposed FACC would continue to include a claim by

18 Murray for unfair competition (presently the third counterclaim

19 for relief) pursuant to Cal. Bus. & Prof. Code § 17200,

20 concerning unfair business practices, including challenging the

21 validity and enforcement of the allegedly overly broad employment

22 contract. It would also include claims by both Murray and BBS for

23 declaratory relief as against RHI concerning the scope and

24 enforceability of paragraphs 8 and 10 of the employment agreement

25 between RHI and Murray; a claim by Murray concerning the scope of

26 the provisions and a request to narrow them is already set forth.

27 BBS seeks to amend the third counterclaim for declaratory relief.

28    BBS states that it will file a request for dismissal of its

4

presently pending first counterclaim against RHI for intentional interference with prospective economic advantage, and its second counterclaim against RHI for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200.

RHI notes that the moving parties have once already sought to file new counterclaims (January 14, 2008).

II. <u>Case Status</u>

Defendants and Counterclaimants have filed a motion, set for hearing on June 23, 2008, for summary adjudication of claims stated against them <u>in the main complaint</u> on the following issues: 1) no genuine issue of material fact as to the element of a valid and enforceable contract with respect to the breach of contract, breach of covenant of good faith and fair dealing, and tortious interference with contract claims; 2) no genuine issue of material fact as to the element of misappropriation with respect to the misappropriation of trade secrets claim for certain disputed clients; 3) no genuine issue as to the element of unlawful or unfair conduct as to the claim for unfair competition for certain disputed clients; and no genuine issue as to the element of interference with respect to the claim for intentional interference with economic relations or prospective economic advantage. (Doc. 74, pp. 1-3.)

The most recent due date for amended complaint was February 18, 2008, set by order of Judge O'Neill on February 14, 2008 (entry 36, pursuant to stipulation). The jury trial is set for August 11, 2008, and pretrial for July 8, 2008, as of February 28, 2008.

////

II. <u>Governing Standards</u>

Fed. R. Civ. P. 13 provides in pertinent part as follows:

    (a) Compulsory Counterclaim.

    (1) In General. A pleading must state as a
    counterclaim any claim that--at the time of
    its service--the pleader has against an
    opposing party if the claim:
        (A) arises out of the transaction
        or occurrence that is the subject
        matter of the opposing party's
        claim; and
        (B) does not require adding another
        party over whom the court cannot acquire
        jurisdiction.

    (2) Exceptions. The pleader need not state the
    claim if:
        (A) when the action was commenced, the claim
        was the subject of another pending action; or
        (B) the opposing party sued on its claim by
        attachment or other process that did not
        establish personal jurisdiction over the
        pleader on that claim, and the pleader does
        not assert any counterclaim under this rule.

    (b) Permissive Counterclaim. A pleading may state
    as a counterclaim against an opposing party any
    claim that is not compulsory.

    (c) Relief Sought in a Counterclaim. A
    counterclaim need not diminish or defeat the
    recovery sought by the opposing party. It may
    request relief that exceeds in amount or differs
    in kind from the relief sought by the opposing
    party.

.....

    (f) Omitted Counterclaim. The court may permit a
    party to amend a pleading to add a counterclaim if
    it was omitted through oversight, inadvertence, or
    excusable neglect or if justice so requires.

Fed. R. Civ. P. 15(a) provides with respect to amendments

before trial that a party may amend its pleading once as a matter

of course before being served with a responsive pleading, or

within twenty days after serving the pleading if a responsive

pleading is not allowed and the action is not yet on the trial

calendar; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires.

Rule 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

The Court rejects Murray's argument that Cal. Labor Code § 2699.3 provides a substantive right to amend the complaint.

Cal. Lab. Code § 2699.3 sets forth requirements for employees to commence civil actions for the recovery of penalties. Section 2699.3(a)(1)(C) states:

> Notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

Section 2699.3 sets forth procedures for the employee to follow in cooperation with the Labor and Workforce Development Agency to refer the matter to the agency for investigation and enforcement, notify the employer of alleged violations, permit cure and investigation, and ultimately to sue.

Federal courts must apply state law as the rule of decision in civil cases, except when the Constitution, treaties, or the statutes of the United States require or provide otherwise. 28 U.S.C. § 725 (Federal Rules of Decision Act). When sitting in diversity, a federal court must apply state substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Erie principles apply to pendent state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (dicta). Thus, a federal court sitting in diversity or exercising supplemental jurisdiction over

state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415 (1996).

A federal court will apply a federal procedural rule where the scope of the rule is sufficiently broad to cover the situation, and the rule is constitutional and a valid exercise of the Supreme Court's rule-making power under the federal Rules Enabling Act. Hanna v. Plumer, 380 U.S. 460, 463-65, 469-74 (1965).

Here, Fed. R. Civ. P. Rule 16(b) concerning good cause for amending a scheduling order, Rule 13(f) concerning omitted counterclaims, and Rule 15(a) concerning amendments of pleadings in general are broad enough to cover this instance of Counterclaimants' efforts to obtain leave to amend their counterclaims; they are the applicable procedural rules that are applied to govern this sort of application to amend a counterclaim. Likewise, Cal. Lab. Code § 2699.3(a)(1)(C) is a procedural rule covering the amendment process and is broad enough to cover this application because Counterclaimants are in effect the "plaintiff" covered by the statute.

Federal procedural rules are presumed valid under both the Constitution and the Rules Enabling Act. Burlington Northern R. Co. v. Woods, 480 U.S. 1, 5 (1987). Federal procedural rules were promulgated in order to develop a uniform and consistent system of rules governing federal practice and procedure; rules which incidentally affect litigants' substantive rights do not violate the Rules Enabling Act if they are reasonably necessary to maintain the integrity of the system of rules. Burlington

Northern, 480 U.S. 1, 5. The Constitution's grant of power over federal procedure is broad enough to maintain federal authority over federal procedure despite state provisions to the contrary; thus, the Federal Rules of Civil Procedure will generally supplant conflicting state procedural rules in diversity cases even if the result is outcome-determinative. See, Hanna v. Plumer, 380 U.S. 460, 472-73 (1965).

Here, the mandatory nature of the state rule governing amendments is inconsistent with the federal discretionary rule, which permits a uniform and consistent system guided by good cause, delay, prejudice, and other discretionary factors central to the Court's exercise of judgment in its case management authority. It is appropriate to follow the federal rules. Burlington Northern, 480 U.S. at 6-7 (discussing with approval the Fifth Circuit's holding in Affholder, Inc. v. Southern Rock, Inc., 746 F.2d 305 (5th Cir. 1984) that a state statute providing for a mandatory affirmance penalty for unsuccessful appeals was procedural and conflicted with a federal rule providing for discretionary penalties for frivolous or dilatory appeals, and the federal rule would be applied).

It is concluded that the state statute does not prevent this Court from considering this motion pursuant to the applicable federal rules and from reaching a decision using the factors pertinent under the federal law.

III. Good Cause

The Court will first consider whether pursuant to Rule 16(b) good cause has been shown for amending the scheduling order, and it will then proceed to consider the standards concerning leave

9

1    to amend. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608

2    (9th Cir. 1992) (motion to amend pleading under Rule 15 as

3    involving motion to amend scheduling order); Eckert Cold Storage,

4    Inc. v. Behl, 943 F.Supp. 1230, 1232-33 (E.D. Cal. 1996).

5         Good cause generally requires the moving party to show that

6    even with the exercise of due diligence, it cannot meet the

7    order's timetable. Johnson v. Mammoth Recreations, Inc., 975 F.2d

8    604, 609 (9th Cir. 1992). Inquiry may be made into the moving

9    party's diligence and cooperation in achieving a workable

10   scheduling order, the party's showing that any actual or

11   anticipated noncompliance resulted from circumstances not

12   reasonably anticipated at the time of the scheduling conference,

13   and diligence in promptly requesting modification once it became

14   apparent that compliance was not possible. Jakcson v. Laureate,

15   Inc., 186 F.R.D. 605, 608 (E.D.CA 1999). Factors to be considered

16   include 1) the explanation for the failure to complete the

17   scheduled activity on time; 2) the importance of the discovery or

18   additional matter sought; 3) the potential prejudice in allowing

19   the additional matter sought; and 4) the availability of a

20   continuance to cure any prejudice. Reliance Ins. Co. v. Louisiana

21   Land and Exploration Co., 110 F.3d 253, 257-258 (5th Cir. 1997)

22   (holding no abuse of discretion to deny time to supplement

23   experts where there was no excuse, delay, and prejudice). The

24   diligence of the party seeking the extension is an important

25   factor. Eckert Cold Storage, Inc. v. Behl, 943 F.Supp. 1230, 1233

26   (E.D. Cal. 1996) (regarding amending a schedule under Rule 16

27   with respect to amendment of pleadings). Carelessness is not

28   compatible with diligence and does not justify granting relief.

1   <u>Johnson</u>, 975 F.2d at 609.

2       Further, although Rule 16(b)(4) requires a showing of good

3   cause for amending pleadings after the scheduled deadline,

4   <u>Coleman v. Quaker Oats Co.</u>, 232 F3d 1271, 1294 (9th Cir., 2000),

5   even if good cause is shown to amend the scheduling order, the

6   Court retains the discretion to refuse relief. <u>Bradford v. DANA</u>

7   <u>Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001).

8       "Good cause" essentially means that scheduling deadlines

9   cannot be met despite the moving party's diligence; if the movant

10  was not diligent, then the inquiry should end; if the party was

11  diligent, then the existence or degree of prejudice to the

12  opposing party may supply additional reasons to deny a motion.

13  <u>Johnson</u>, 975 F.2d at 609.

14      The case has been pending since May 31, 2007. Discovery

15  should be completed and the case ready for pretrial in several

16  weeks. Nonexpert discovery ended as of April 30, 2008, and expert

17  discovery in May 2008. (Doc. 36.) The dispositive motion deadline

18  has passed. Counterclaimants delayed in beginning discovery until

19  2008. The pendency of settlement discussions did not provide a

20  rational basis for delaying discovery in 2007 or 2008. The Court

21  rejects Counterclaimants' assertion that the delay in bringing

22  this motion is justified by deposition testimony of RHI's

23  witnesses in April 2008 (Division Director Nahrin Jacobs,

24  Regional Manager Tama Emery, Branch Manager Brenda Arnold, and

25  Division Director Randy Russell Wey) concerning interpretation

26  and enforcement of the employment contract between Murray and

27  RHI. The interpretation, scope, and enforcement of paragraphs 8

28  and 10 of the employment agreement with Murray were issues from

the beginning of the suit. Marcy Mighetto, whose deposition was taken in October 2007, as BBS's corporate designee testifying to the confidentiality of BBS's client and candidate information, is a former RHI employee. (See, Decl. of Filomena Meyer, attached to Defendants' motion for court approval of Defendants' responses to requests for admission, p. 22, ll. 11-13 (Doc. 54).) The Court concludes that the moving parties had information concerning the interpretation and enforcement of the contract. The Court finds that recent discovery did not reveal new information warranting amendment at this stage of the case.

The Court further notes that Murray's counsel has withdrawn or will withdraw the previous counterclaims after extensive discovery was done by Plaintiffs and Counterdefendants with respect to them.

The Court concludes that the moving parties have not shown good cause for amendment of the scheduling order to permit amendment of pleadings.

IV. <u>Prejudice</u>

Despite the lack of good cause, the Court will proceed to analyze prejudice for the sake of setting forth the analysis undertaken.

Prejudice may be found where significant or extensive discovery is necessitated by amendment under circumstances where the factual issue has already been litigated or the litigation is radically shifted by the amendment. <u>Missouri Housing Development Commission v. Brice</u>, 919 F.2d 1306, 1316 (8th Cir. 1990); <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990). However, the mere fact of some additional discovery arguably does not

amount to the substantial prejudice required for denying leave to amend where no substantial delay would result. <u>See,</u> <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (acknowledging the need for an analysis of multiple factors); <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001) (noting that a need to reopen discovery and thereby to delay proceedings would support a denial of leave to amend based on prejudice, whereas lack of any delay or of a need for additional discovery would not constitute prejudice). A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint. <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1996). Undue prejudice means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense. <u>Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.</u>, 220 F.R.D. 614, 622 (C.D.Cal. 2003). Where new issues raised are substantially related to the issues already in the suit, and the new claims are similar or the same, then the scope of litigation is not greatly altered. <u>Id.</u> Requiring a slight adjustment of a discovery plan in light of the addition of proposed counterclaims does not constitute unfair prejudice. <u>Id.</u>

Here, Murray seeks to bring state unlawful competition claims on behalf of other similarly situation employees. She expressed an intention not to proceed with class claims, and she

1  stated she would amend the proposed pleading to reflect

2  representative, as distinct from class, proceedings. At the

3  hearing on the motion in the instant case, it was evident from

4  the argument that the representative claims sought to be added to

5  the action would require reopening discovery in order to permit

6  identification of the other employees or violations involved and

7  investigation of the amount of penalties sought to be recovered

8  by Counterclaimant Murray pursuant to Cal. Labor Code § 2699(f),

9  which provides for recovery of a civil penalty of $100 for each

10 aggrieved employee per pay period for the initial violation and

11 $200 for each aggrieved employee per pay period for each

12 subsequent violation. Regardless of the categorization of such

13 claims as "class" or "representative" actions, the amendment

14 would require at the least significant discovery concerning

15 damages and the basis for damages, would require discovery to be

16 reopened, and in the circumstances of this case would result in

17 prejudice to the opposing party.

18     Murray argues she will be the one prejudiced by denial of

19 leave to amend because she will not be able to obtain

20 adjudication of her counterclaims on the merits. The

21 counterclaims appear to be compulsory in the sense that they

22 arise out of the same transaction or occurrence as the

23 plaintiff's claim. Fed. R. Civ. P. 13(a); Hydranautics v. Filmtec

24 Corp., 70 F.3d 533, 536 (9th Cir. 1995). A claim arises out of the

25 same transaction or occurrence if the issues of fact and law are

26 largely the same for both the claim and counterclaim, the same

27 evidence will support or refute both claims, res judicata would

28 bar a subsequent suit on the defendant's claim, or there is a

logical relationship between the claim and counterclaim. <u>FDIC v.</u>
<u>Hulsey</u>, 22 F.3d 1472, 1487 (10th Cir. 1994). The Court must
determine if the essential facts of the various claims are so
logically connected that considerations of judicial economy and
fairness dictate that all the issues be resolved in one lawsuit.
<u>Pochiro v. Prudential Ins. Co. of America</u>, 827 F.2d 1246, 1249
(9th Cir. 1987). A logical relationship exists when the
counterclaim arises from the same aggregate set of operative
facts as the initial claim, in that the same operative facts
serve as the basis of both claims or the aggregate core of facts
upon which the claim rests activates additional legal rights
otherwise dormant in the defendant. <u>In re Pinkstaff</u>, 974 F.2d
113, 115 (9th Cir.1992). "'Transaction' is a word of flexible
meaning. It may comprehend a series of many occurrences,
depending not so much upon the immediateness of their connection
as upon their logical relationship." <u>Moore v. New York Cotton</u>
<u>Exch.</u>, 270 U.S. 593, 610 (1926); <u>see</u> <u>Pochiro v. Prudential Ins.</u>
<u>Co. of Am.</u>,, 827 F.2d 1246, 1252 (9th Cir.1987) (noting that the
term "transaction" should be broadly construed).

It is established that the effect of Rule 13(a) is to bar a
party who has failed to assert a compulsory counterclaim in one
action from instituting a second action in which the counterclaim
is the basis of the complaint. <u>Seattle Totems Hockey Club, Inc.</u>
<u>v. National Hockey League</u>, 652 F.2d 852, 854-55 (9th Cir. 1981).

It appears that the counterclaims sought to be pleaded will
be barred because the claims involving Murray's conduct in
violation of the agreement have a strong logical relationship to
the proposed counterclaims concerning validity and enforceability

15

1  of the very claims alleged to have been violated. However, in

2  light of the lack of justification for the delay in seeking to

3  allege the counterclaim, the Court concludes that in the

4  circumstances of this case, any prejudice to the moving parties

5  is not of the nature and extent to warrant granting the motion.

6        V. <u>Futility</u>

7        RHI argues that the amendments would be futile and thus

8  should not be allowed.

9        An amendment is futile only if it would clearly be subject

10  to dismissal. <u>Hip Hop Beverage Corp. v. RIC Representcoes</u>

11  <u>Importacao e Comercio Ltda.</u>, 220 F.R.D. 614, 622-23 (C.D.Cal.

12  2003). Although courts will determine legal sufficiency using the

13  same standards as applied on a motion pursuant to Fed. R. Civ. P.

14  12(b)(6), such issues are often more appropriately raised in a

15  motion to dismiss rather than in an opposition to a motion for

16  leave to amend. <u>Id.</u> at 623.

17        The Court rejects RHI's argument that no claim under

18  Cal. Bus. & Prof. Code § 16600 exists. Section 16600 states

19  generally that subject to exceptions, every contract by which

20  anyone is restrained from engaging in a lawful profession, trade,

21  or business of any kind is to that extent void. It is interpreted

22  as declaratory of the common law, which in turn establishes that

23  an action will lie where the right to pursue a lawful business,

24  calling, trade, or occupation is intentionally interfered with

25  either by unlawful means or by means otherwise lawful when there

26  is a lack of sufficient justification. <u>Centeno v. Roseville</u>

27  <u>Community Hospital</u>, 107 Cal.App.3d 62, 69 (1979). It has been

28  held that overly broad non-competition clauses are violative of

1  the section. <u>See</u>, <u>e.g.</u>, <u>D'sa v. Playhut, Inc.</u>, 85 Cal.App.4th

2  927, 930-31 (2000) (holding in part that a contract restricting

3  an employee's competition with persons in connection with

4  competing products for one year after separation of employment

5  was void and not severable); <u>see also</u> 1 Witkin, <u>Summary of</u>

6  <u>California Law</u>, §§ 579-82 (10th ed. 2005).

7     As to the statute of limitations and related issues,

8  preliminarily the Court notes that the point of amendment of the

9  counterclaims is generally not the appropriate time to consider

10 statutes of limitations and issues of tolling of the statutes or

11 estoppel; such inquiries are often largely fact-driven, and here

12 they have not been factually developed sufficiently to warrant a

13 significant expenditure of resources.

14    RHI argues that there was a limitations provision in the

15 agreement that is the subject of the controversy, and that it

16 limited assertion of any claims of the employee to six months

17 after the employee's termination, which RHI states was February

18 16, 2007; thus, the counterclaims are late.

19    The claims argued by RHI to be barred by the statute of

20 limitations are state claims over which the Court has

21 supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In

22 diversity actions, or when a court has supplemental jurisdiction

23 over state-law claims, the state statute of limitations and

24 related principles of tolling or relation back apply. <u>Fluor</u>

25 <u>Engineers & Constructors, Inc. v Southern Pac. Transp. Co.</u>, 753

26 F.2d 444, 448 (5th Cir. 1985).

27    Under California law, where a counterclaim's subject matter

28 is related to the subject matter of the Plaintiff's claim, the

counterclaim relates back to when the action was commenced, and the plaintiff's complaint tolls the statute of limitations on any claims against <u>the plaintiff</u> that relate to or are dependent upon the contract, transaction, or accident upon which the complaint is brought. <u>Trindade v. Superior Court</u>, 29 Cal.App.3d 857, 859-60 (1973). It appears that all of the counterclaims relate to or are dependent on the very contract upon which Plaintiff sued. Thus, the Court concludes that for the purposes of ruling on a motion to amend, RHI's arguments should be rejected.

Because the Court has determined that the moving parties have not been diligent and that this motion should be denied, the Court declines to reach RHI's argument that Plaintiffs provide no evidence that, as alleged in the counterclaim, they provided notice required before suing pursuant to Labor Code § 2699.3(a)(1).

VI. <u>Disposition</u>

Accordingly, it IS ORDERED that the motion of Defendants and Counterclaimants for leave to file first amended counterclaims IS DENIED.

IT IS SO ORDERED.

**Dated:   June 24, 2008**                                    **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE

18