UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL INC., | ) ) | 1:07-cv-00799-LJO-SMS |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER (DOC. 162) |
| v. | ) ) | |
| TRACI MURRAY, et al., | ) ) | ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER (DOC. 163) |
| Defendants. | ) ) | |
| TRACI MURRAY, et al., | ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| ROBERT HALF INTERNATIONAL INC., | ) ) | |
| Counter-Defendant. | ) ) ) | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

The motions of Defendants Traci Murray (Murray) and Barrett Business Services, Inc. (BBS) to modify the scheduling order and for leave to file a first amended answer, along with supporting memoranda, declarations, and exhibits, were filed on September 3, 2008. Plaintiff filed opposition to both motions on October 10,

1

2008, including memoranda, declarations, exhibits, and an appendix of authorities. A combined reply to both motions was filed on October 17, 2008. By separate order, the hearing on the motions was vacated, and the matters were submitted to the Court for decision.

I. Background

The first amended complaint (FAC) filed February 15, 2008, concerns alleged misappropriation by Defendant Murray, a former employee of Plaintiff RHI, of confidential proprietary and business information concerning clients and candidates in the Micro J Plus database of RHI, an entity which in part specializes in the placement of administrative and office support professionals on a temporary and temp-to-hire basis; Defendant Murray allegedly misappropriated and exploited confidential information for the benefit of Defendant BBS, misappropriated RHI's protected trade and service marks while pretending to work for RHI but yet simultaneously working for competitor BBS, breached her contractual obligations to RHI, solicited RHI's clients after she left her employment with RHI, and with BBS interfered with RHI's business relationships with its clients and candidates. The FAC included claims for violation of the Lanham Act, 15 U.S.C. § 1125(a), misappropriation of trade secrets in violation of Cal. Civ. Code §§ 3426 et seq., violation of Cal. Bus. and Prof. Code § 17200 et seq., breach of contract, breach of implied covenant of good faith and fair dealing, interference with contract, and tortious interference with contractual relations and prospective economic advantage. Plaintiff seeks compensatory, consequential, punitive, and exemplary damages as

well as preliminary and permanent injunctive relief.

Defendants BBS and Murray filed answers to the FAC on March 6, 2008.

Defendants and Counterclaimants Murray and BBS filed a counterclaim on February 5, 2008, in which they alleged claims against Counterdefendant RHI, including intentional interference with prospective economic relationships by contacts, interrogation, and harassment of BBS's customers by agents of RHI; unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; and declaratory relief regarding the interpretation and scope of paragraphs 8 and 10 of Murray's employment agreement with RHI. Counterdefendant RHI answered the counterclaim on February 25, 2007.

II. Analysis

Rule 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 15(a) provides with respect to amendments before trial that a party may amend its pleading once as a matter of course before being served with a responsive pleading, or within twenty days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires.

The Court will first consider whether pursuant to Rule 16(b) good cause has been shown for amending the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.

1992) (motion to amend pleading under Rule 15 as involving motion to amend scheduling order); Eckert Cold Storage, Inc. v. Behl, 943 F.Supp. 1230, 1232-33 (E.D. Cal. 1996). "Good cause" essentially means that scheduling deadlines cannot be met despite the moving party's diligence; if the movant was not diligent, then the inquiry should end; if the party was diligent, then the existence or degree of prejudice to the opposing party may supply additional reasons to deny a motion. Johnson, 975 F.2d at 609.

In considering whether or not the moving party has shown that even with the exercise of due diligence, it cannot meet the order's timetable, inquiry may be made into the moving party's diligence and cooperation in achieving a workable scheduling order, the party's showing that any actual or anticipated noncompliance resulted from circumstances not reasonably anticipated at the time of the scheduling conference, and the party's diligence in promptly requesting modification once it became apparent that compliance was not possible. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.CA 1999). Factors to be considered include 1) the explanation for the failure to complete the scheduled activity on time; 2) the importance of the discovery or additional matter sought; 3) the potential prejudice in allowing the additional matter sought; and 4) the availability of a continuance to cure any prejudice. Reliance Ins. Co. v. Louisiana Land and Exploration Co., 110 F.3d 253, 257-258 (5th Cir. 1997) (holding no abuse of discretion to deny time to supplement experts where there was no excuse, delay, and prejudice). The diligence of the party seeking the extension is an important factor. Eckert Cold Storage, Inc. v. Behl, 943

F.Supp. 1230, 1233 (E.D. Cal. 1996) (regarding amending a schedule under Rule 16 with respect to amendment of pleadings). Carelessness is not compatible with diligence and does not justify granting relief. <u>Johnson</u>, 975 F.2d at 609.

Further, although Rule 16(b)(4) requires a showing of good cause for amending pleadings after the scheduled deadline, <u>Coleman v. Quaker Oats Co.</u>, 232 F3d 1271, 1294 (9th Cir., 2000), even if good cause is shown to amend the scheduling order, the Court retains the discretion to refuse relief. <u>Bradford v. DANA Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001).

Here, the case has been pending since May 2007. The last scheduled date for amending a complaint was February 18, 2008. Discovery and expert discovery are, for almost all purposes, complete and closed, the deadlines having run a few months ago; nonexpert discovery ended on April 30, 2008, and expert discovery in May 2008. (Doc. 36.) The time for dispositive motions has passed. The pretrial conference is set for January 6, 2009, and is fast approaching; the trial February 23, 2009. An additional continuance does not appear to be an option.

There is no showing by Defendants of diligence. Defendants delayed in beginning discovery until 2008. The Court has previously found that the pendency of settlement discussions did not provide a rational basis for delaying discovery in 2007 or 2008. The interpretation, scope, and enforcement of paragraphs 8 and 10 of the employment agreement with Murray are not new issues; indeed, the enforceability of key portions of the agreement was apparently before the Court on the present pleadings because it was specifically addressed in connection

5

with the Defendants' motion for summary judgment five months ago. (Order of June 25, 2008, on Defendants' motion for summary judgment, pp. 14-19.) The failure of counsel to conduct research concerning state preemption and/or to fail to discover case law that preexisted the filing of the action appears to amount to carelessness or neglect, and it does not appear to excuse Defendants' failure to seek to amend the pleadings earlier.

The Court concludes that the moving parties have not shown good cause for amendment of the scheduling order to permit amendment of pleadings.

III. Disposition

Accordingly, it IS ORDERED that the motion of Defendants to amend the scheduling order, and for leave to file first amended answers, ARE DENIED.

IT IS SO ORDERED.

**Dated:   October 22, 2008**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE

6