UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALF INTERNATIONAL INC., <br>               Plaintiff, <br>    v. <br> TRACI MURRAY, et al., <br>               Defendants. <br> _____ <br> TRACI MURRAY, et al., <br>        Counter-Claimants, <br>    v. <br> ROBERT HALF INTERNATIONAL INC., <br>        Counter-Defendant. <br> _____ | 1:07-cv-00799-LJO-SMS <br><br> ORDER GRANTING THE MOTION OF DEFENDANTS AND COUNTER-CLAIMANTS TO COMPEL CONCLUSION OF DEPOSITIONS (DOC. 167) |

    Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

    The motion of Defendants Traci Murray (Murray) and Barrett Business Services, Inc. (BBS) to compel the conclusion of the depositions of witnesses Brenda Arnold, Tama Emery, and Nahrin Jacobs, employees of Plaintiff, was filed on October 3, 2008. A joint statement regarding the motion was filed on October 17,

1

1  2008. By separate order, the hearing on the motion has been
2  vacated, and the matter has been submitted to the Court for
3  decision.
4      A party, upon reasonable notice and after certifying that
5  the parties have met in a good faith effort to resolve the
6  dispute and secure the material without court action, may apply
7  for an order compelling disclosure or discovery, or further
8  disclosure or discovery, including answers to questions at
9  depositions. Fed. R. Civ. P. 37(a); Local Rule 37-251.
10     Here, when the depositions in question took place on April
11 16 and 17, 2008, the parties understood that the non-expert
12 discovery cut-off was April 30, 2008. (Order of February 14,
13 2008.) Thus, it was reasonably understood and foreseen that the
14 completion of depositions might extend past the date upon which
15 discovery was otherwise to cease. After reviewing the evidence,
16 the Court concludes that there was a stipulation or agreement to
17 permit the depositions to conclude on separate, additional days.
18     Although this motion was brought after the deadline for non-
19 dispositive motions, Defendants have not prejudiced Plaintiff or
20 delayed in a way that demonstrates a lack of diligence. Counsel
21 for both parties were involved in the press of business at the
22 time of the depositions and thereafter, which included both
23 dispositive motions and non-dispositive motions as well as
24 discovery disputes. In May, the summary judgment motion was
25 filed, and it occupied the parties until the ruling at the end of
26 June. In July, the parties prepared for trial and then
27 participated in rescheduling it; several additional motions were
28 filed thereafter. Further, the Court notes that the parties'

counsel displayed a very limited capacity to agree on matters pertaining to the management of the case. Under all the circumstances, and particularly in light of the open-ended nature of the agreement about completing the depositions and the lack of prejudice, the Court concludes that the motion is timely.

Further, Rule 29 does not preclude enforcement of this stipulation because the stipulation did not interfere with the timely completion of discovery; rather, under the circumstances of this case, it facilitated it.

Accordingly, Defendants' motion to compel the completion of the depositions of witnesses Brenda Arnold, Tama Emery, and Nahrin Jacobs IS GRANTED. The scope of the concluding depositions SHALL BE LIMITED to the pleadings on file as of April 16 and 17, 2008, and SHALL NOT EXCEED a maximum of seven hours for each deponent.

IT IS SO ORDERED.

**Dated:    October 22, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE